LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 – Phone
(212) 979-0251 – Fax
Attorneys for Plaintiff, Far Eastern Shipping Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

FAR EASTERN SHIPPING CO.,

              Plaintiff,

-against-

PROGRESS BULK CARRIERS, LTD.,     **AFFIDAVIT PURSUANT TO**
                                                                 **SUPPLEMENTAL RULE B(1)(b)**

              Defendant.
---------------------------------------------------------------X

07 CV 11375

**STATE OF NEW YORK**    )
                                ) ss.:
**COUNTY OF NEW YORK**  )

      GERALD WEATHERS, having been duly sworn, deposes and states the following under oath:

      1.    I am an associate in the Law Offices of Simon Harter, Esq. I am familiar with the facts of this case and make this Affidavit pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. In this Affidavit, I present the results of our investigation of whether Defendant is "found" within this Judicial District within the meaning of Rule B. I also present a description of the particular proceedings and claims which underlie Plaintiff's request for security via attachment pursuant to Rule B.

### "FOUND" INVESTIGATION

      2.    Deponent has made an investigation and deponent believes that based upon the results of said investigation, Defendant, PROGRESS BULK CARRIERS, LTD., is a

corporation or other business entity which cannot be "found" within this District for the purpose of an attachment under Rule B. Deponent's investigation has consisted of the following:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations, on November 26, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant. The search result indicated that Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b) Deponent consulted Directory Assistance for New York on November 26, 2007 via Verizon Nationwide 411 and was given the number 914-478-1469 when inquiry was made for the Defendant;

(c) Deponent called 914-478-1469 on November 26, 2007 and, without any prompting by Deponent, the call was answered, "ACTS";

(d) Deponent consulted the current 2007 Edition of The Journal of Commerce's Transportation Telephone Tickler (Vol. 1: New York Metropolitan Area) on November 26, 2007 and Defendant was listed; however, Defendant's listing was "in care of" ACTS (American Corporate Technical Services, Inc.);

(e) Given the apparent relationship between Defendant and American Corporate Technical Services, Inc., deponent contacted the office of the New York Department of State, Division of Corporations, on November 26, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for American Corporate Technical Services Inc. The search result indicated that American Corporate Technical Services Inc. is not an active New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(f) Deponent also consulted the current 2007 Edition of The Journal of Commerce's Transportation Telephone Tickler (Vol. 1: New York Metropolitan Area) on November 26, 2007 and there was no listing for American Corporate Technical Services, Inc.;

(g) Deponent accessed Internet search engine http://www.ask.com on November 26, 2007, and the only indication that Defendant conducts any activities in New York is a link which directed Deponent to http://www.strategicdataworks.co.uk/MedBrokerage.html. The only reference to Defendant at the indicated website states that: "[e]stablished in 1995 and based in Long Island, New York, Med Brokerage are managing agents for progress bulk carriers based in the Bahamas."

Even assuming, *arguendo*, that Med Brokerage is Defendant's agent in the legal, rather than commercial sense, merely having an agent amenable to service of process

does not render one "found" within the court's jurisdiction. *Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.*, 476 F.Supp.119 (S.D.N.Y. 1979), which, for the purposes of interpreting "found", was relied upon in the Second Circuit's most recent interpretation of maritime attachments. *See*, *Agua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). *Integrated* held that:

> A maritime attachment is precluded under Admiralty Rule B(1) only if the defendants have engaged in sufficient activity in the district or the cause of action has sufficient contacts with the district to permit the court to exercise In personam jurisdiction over the defendants (hereafter referred to as presence in the jurisdictional sense), And in addition can be found within the geographical confines of the district for service of process. Thus the attachment will lie unless the defendant is present in the district in both senses.

*Id.* at 122, *internal citations omitted*. Moreover, in explaining the rule, the court declared that "the fact that a defendant can be subjected to the court's In personam jurisdiction by virtue of the presence of a resident agent for service of process will not suffice to defeat the attachment if the defendant is not otherwise present in the district in the jurisdictional sense...." *Id.*

3. Based upon the foregoing, your deponent submits that Defendant, PROGRESS BULK CARRIERS, LTD., cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an Order of Attachment against such tangible and intangible property of Defendant as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

## CLAIMS FOR WHICH ATTACHMENT IS SOUGHT

4. As indicated more fully in Plaintiff's Verified Complaint, the primary nature of Plaintiff's claims against Defendant is for an indemnity in connection with any liability Plaintiff may incur in a legal proceeding commenced in China by Minmetals Steel Co. Ltd. Minmetals, as the receiver of a cargo of coils of rolled steel sheets, commenced legal proceedings against Plaintiff, asserting various claims in connection with a bill of lading issued by Plaintiff at the instruction of Defendant. The Wuhan Maritime Court rendered a judgment against Plaintiff in July 2004 in the amount of $446,601.56 plus interest and costs. Plaintiff has appealed from that judgment and the appeal is ongoing.

5. As also noted in Plaintiff's Verified Complaint, Plaintiff has initiated London arbitration proceedings against Defendant on the basis of an arbitration clause in the charter party contract between the parties. A copy of the charter party is found at Exhibit "A" to Plaintiff's Verified Complaint.

6. Plaintiff has presented a claims submission in the London arbitration outlining the Chinese proceedings and asserting the claims for which security is sought herein. Specifically, Plaintiff seeks full indemnity from Defendant, under English law which

governs the charter party, for any liability Plaintiff incurs as a result of following Defendant's instructions, as charterer, with respect to issuance of the bill of lading at issue in the Chinese proceedings, along with the fees and costs incurred by Plaintiff in defending the initial action brought by Minmetals and in bringing the present appeal. In addition, Plaintiff seeks the legal fees and costs it has incurred, and anticipates incurring, in connection with the London arbitration, which are recoverable under English law, along with interest on the various claims as appropriate.

7.   It is possible that the Chinese action may be resolved, either on the basis of a favorable decision by the Appeals Court or by an amicable settlement between the parties, for an amount which is less than the judgment and accrued interest and which may ultimately result in Plaintiff incurring less fees and costs than are presently anticipated in connection with the proceedings in China. Similarly, it is possible that the London proceedings may be resolved on the basis of the outcome of the Chinese proceedings or by amicable resolution, in which case Plaintiff may not ultimately incur the full amount of fees and costs estimated herein. Since, however, the eventual outcome is not known at this time, Plaintiff seeks security in the full amount of the reasonably anticipated liability, fees and costs it may incur.

FURTHER AFIANT SAYETH NOT.

Dated: December 18, 2007
       New York, New York

_____
**GERALD WEATHERS**


Sworn and subscribed to before me
this 18th day of December 2007

_____
Commissioner of the Court

- 4 -