LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
PROGRESS BULK CARRIERS, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FAR EASTERN SHIPPING CO.,

                            Plaintiff,

      - against -

PROGRESS BULK CARRIERS, LTD.,

                            Defendant.
-------------------------------------------------------------------X

**ECF CASE**

07 Civ. 11375 (PAC)

### AFFIRMATION OF KIRK M. LYONS IN SUPPORT OF
### MOTION TO VACATE ATTACHMENT

        KIRK M. LYONS, an attorney duly admitted to practice law before this

Court, affirms the following under the penalties of perjury under 28 USC § 1746:

        1.     I am an attorney at law and member of the firm of Lyons & Flood,

LLP, attorneys for the defendant PROGRESS BULK CARRIERS, LTD. ("PBC"). This

Affirmation is based on facts and information known to me personally, as well as

documents and information provided to me by PBC and its representatives and agents, all of

which I believe to be true and accurate. This Affirmation is respectfully submitted in

support of defendant PBC's motion to vacate the attachment.

        2.     Plaintiff, Far Eastern Shipping Co. ("FESCO"), commenced this

action on December 19, 2007, claiming damages against PBC based on PBC's October 22,

2002, time charter of the M/V CHERKASSY (the "Vessel") from FESCO. (See plaintiff's Verified Complaint annexed hereto as Exhibit A).

        3.     FESCO also sought and obtained an Ex Parte Order for issuance of process of maritime attachment and garnishment ("Attachment Order"). The Court issued the Attachment Order and process of maritime attachment and garnishment ("PMAG") on December 21, 2007, in the sum of $909,153.86. (See Attachment Order and PMAG annexed hereto as Exhibit C).

        4.     FESCO's counsel submitted an Affidavit in support of FESCO's application for an Ex Parte Order claiming that at the time the Verified Complaint was filed PBC could not be found within the Southern District of New York (the "District"). (See the Affidavit of Gerald Weathers dated December 18, 2007 ("Weathers Affidavit"), annexed hereto as Exhibit B).

        5.     Thereafter, FESCO proceeded to serve the PMAG on various garnishee banks within the Southern District of New York. On December 24, 2007, an electronic funds transfer in the amount of $509,324.21 being sent for the benefit of PBC, was attached at Deutsche Bank.

        6.     PBC now files this motion to vacate plaintiff's Rule B attachment on the grounds that plaintiff has not met all of the requirements for obtaining the Attachment Order in that PBC was "present" within the District, thus precluding Rule B maritime attachment as a pre-judgment remedy available to the plaintiff. Alternatively, PBC was subject to an *in personam* lawsuit in the Eastern District of New York, and thus falls within the "across the river" exception set forth by the Second Circuit in Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434 (2nd Cir. 2006).

7.       Counsel for FESCO states in the Weathers Affidavit that he performed an investigation into whether PBC could be "found" within the District – whether PBC had an agent for service of process and was jurisdictionally present in the District.  (See Exhibit B at ¶ 2).

8.       In performing this investigation, counsel for FESCO learned that PBC maintained a telephone number in is this District under the care of American Corporate Technical Services, Inc. ("ACTS") to wit:  (914) 478-1469.  (See Exhibit B at ¶¶ 2(b)(c) and (d)).

9.       Counsel for FESCO conceded that this telephone number ((914) 478-1469) was listed for PBC by Verizon Nationwide 411 as well as the 2007 Edition of the Journal of Commerce's Transportation Telephone Tickler.  (See Exhibit B at ¶¶ 2(b) and (d)).

10.      Plaintiff's counsel also went so far as to call PBC's telephone number ((914) 478-1469) and after hearing "ACTS," he apparently hung the telephone up. (See Exhibit B at ¶¶ 2(b) - (d)).  However, even though he knew there was a connection between defendant and ACTS (see the Weathers' Affidavit which makes reference to "the apparent relationship between Defendant and American Corporate Technical Services, Inc.," Exhibit B at ¶ 2(e)), plaintiff's counsel did not ask the logical question when he called that telephone number.  The logical question is and was – what was the connection between ACTS and defendant.

11.      If counsel for FESCO had asked that simple question when calling (914) 478-1469, he would have been advised that ACTS is the agent for service of process for defendant and ACTS has an address in this District.  On January 23, 2008, I made the

same telephone call and was advised that ACTS is the agent for service of process for

defendant and ACTS has an address in this District.

12.    However, counsel for FESCO failed to discover (or failed to mention

in the Weathers Affidavit) that in addition to the telephone number, PBC also had an

address listed in the District, namely 25 Main Street, Hastings-on-Hudson, NY 10706.  This

information was readily ascertainable by an electronic search of any of a number of

telephone and business directories.  (A representative example of the results found when

searching for "Progress Bulk" and "NY" is annexed hereto as Exhibit D).

13.    Moreover, although PBC was not licensed, registered, or authorized

to conduct business in New York, PBC <u>had</u> appointed ACTS as its agent for the service of

process in New York by the filing of a Form U-2 (Uniform Consent to Service of Process)

with the State of New York, Office of the Attorney General.  This confirms that ACTS has

an address at 25 Main Street, Hastings-on-Hudson, New York, which is within this District.

(See Exhibit E annexed hereto).

14.    Indeed, other plaintiffs in the District have served process upon PBC

via ACTS.  Specifically, on October 15, 2007, Peter D. Wolf, President of ACTS accepted

service of process on behalf of PBC in connection with the lawsuit bearing the caption

<u>Dicalite Armenia, Inc. v. Progress Bulk Carriers, Ltd.</u>, 07 Civ. 8660 (WHP), USDC, SDNY.

(See Affidavit of Service, a copy of which is annexed hereto as Exhibit F).

15.    It also appears that counsel for FESCO's belief that ACTS was an

agent of PBC, led counsel for FESCO to then check with the New York Department of

State, Division of Corporations to learn the corporate status of ACTS and determine

whether ACTS was present within the District.  (See Exhibit B at ¶ 2(e)).

- 4 -

16.     ACTS had been registered as a New York domestic business corporation since February 19, 1999, but the registration had become inactive. However, the New York Department of State, Division of Corporations search would still have provided counsel for FESCO with notice that the address on record for service of process on ACTS was "C/O PETER D. WOLF, 36 MAIN ST., 2ND FL., HASTINGS-ON-HUDSON, NEW YORK, 10706." (See NYS Department of State, Division of Corporations print-out dated January 22, 2008, annexed hereto as Exhibit G).

17.     Upon determining that ACTS was not actively licensed, authorized, or registered to do business in New York, counsel for FESCO continued his investigation to determine the jurisdictional presence of PBC in the District. Counsel for FESCO's search for the jurisdictional presence of PBC in the District revealed a website referring to Med Brokerage and Management, Corp. ("MED") as being "managing agents for progress bulk carriers." (See Exhibit B at ¶ 2(g)).

18.     Counsel for FESCO was thus aware that MED was PBC's managing agent. However, despite this knowledge, it appears that counsel for FESCO did not perform any additional investigation into MED's status or relationship with PBC.

19.     If counsel for FESCO had checked with the New York Department of State, Division of Corporations to further investigate MED and determine its corporate status, counsel for FESCO would have learned that MED was a New York domestic business corporation, actively licensed, authorized, and registered to do business in New York. Moreover, counsel for FESCO would have learned that one of MED's listed locations was in the Southern District of New York. (See Exhibit A to the Mazman Decl.).

20.    Counsel for FESCO's failure to perform a further investigation into MED is baffling in light of counsel for FESCO's admission that the reference to MED on the website was "the only indication that Defendant conducts any activities in New York...." (See Exhibit B at ¶ 2(g)).

21.    Having discovered an "indication" that PBC conducted activities in New York, counsel for FESCO nevertheless appears to have terminated his investigation as to the nature of those activities, resting on the belief that even if MED were PBC's "agent in the legal, rather than commercial sense, merely having an agent amendable to service of process does not render one 'found' within the court's jurisdiction." (See Exhibit B at ¶ 2(g)).

22.    Counsel for FESCO appears to have neglected to consider whether the presence of an agent in the "commercial" sense might render a defendant found within the District. The readily discoverable truth was that MED was indeed the managing agent of PBC and that MED had an office in Manhattan as well as Long Island. (See Mazman Decl. at ¶¶ 2 and 3).

23.    It is clear that PBC was present within the District at the time plaintiff filed the Verified Complaint. PBC was jurisdictionally present by virtue of its managing agent MED's presence in the District and continuous and systematic contacts with the District. PBC was amenable to service of process within the District because plaintiff could have served process upon PBC either via its agent for service of process ACTS (who had an office in the District) or via its managing agent MED (who also maintained an office in the District).

- 6 -

24.    As seen above, PBC's presence within the District was readily discoverable by the exercise of due diligence.

The foregoing is true and correct to the best of my knowledge under the penalty of perjury.

Executed on:   January 23, 2008

_____
Kirk M. Lyons

U:\kmhldocs\2656001\Motions\Aff-KML-Vacate.doc

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable

Court, affirms on this 24th day of January 2008, I served true copies of the foregoing, by

e-mail and ECF notice to:


LAW OFFICES OF SIMON HARTER, ESQ.
Attorneys for Plaintiff
304 Park Avenue South, 11th Floor
New York, NY 10010

Attn.: Simon Harter, Esq.
        sharter@harterlaw.com


Kirk M. Lyons

U:\kmhldocs\2656001\Motions\Aff-KML-Vacate.doc

EXHIBIT A

LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 – Phone
(212) 979-0251 – Fax
Attorneys for Plaintiff, Far Eastern Shipping Co.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
FAR EASTERN SHIPPING CO.,                  :
                                           :
                          Plaintiff,       :
                                           :
      -against-                            :
                                           :
PROGRESS BULK CARRIERS, LTD.,              :        **VERIFIED COMPLAINT**
                                           :
                          Defendant.       :
-----------------------------------------------------------x

       Plaintiff, FAR EASTERN SHIPPING CO., by its Attorneys, Law Offices of Simon

Harter, Esq., as and for its Verified Complaint against the named Defendant, PROGRESS BULK

CARRIERS, LTD., alleges upon information and belief as follows:

       1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of

the Federal Rules of Civil Procedure, in that it involves claims for breach of a maritime contract

of charter party.  This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C.

§1331.  Finally, this Court also has jurisdiction over this matter because the action also arises

under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., and the Convention on the Recognition

and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*

2.     At all times relevant hereto, Plaintiff was and still is a foreign business entity organized and existing under the laws of Russia with a registered office at No. 15, Aleutskaya Avenue, Vladivostok, Russia.

3.     At all times relevant hereto, Defendant was and still is a foreign business entity organized and existing under the laws of the Bahamas with a registered office at Montague Sterling Centre, 3rd Floor, East Bay Street, Nassau, Bahamas.

4.     On or about October 22, 2002, Plaintiff, in the capacity of Owner, entered into a maritime contract of charter party, written on an amended New York Produce Exchange form, with Defendant, under which Plaintiff agreed to let and Defendant agreed to charter the Motor Vessel CHERKASSY for a period of time commencing between October 25 and November 10, 2002 and extending to a period of eight and one-half months. Pursuant to the terms and conditions of the charter party, Defendant was obligated to pay Plaintiff the sum of US $4,550.00 per day pro rata, including overtime, for the first fifty days and US $5,050.00 per day pro rata, including overtime, for the balance of time, in hire for the charter of the aforementioned Vessel.

5.     A copy of the contract and its additional clauses is attached hereto as Exhibit "A" and incorporated by reference herein.

6.     Plaintiff delivered to Defendant the aforementioned Vessel under the terms of the contract which was conforming in all respects to the conditions specified in the charter.

7.     Pursuant to the charter party, Defendant ordered the Vessel to proceed to Matanzas, Venezuela and to commence the loading of various steel products, which were to be discharged at various ports in China.

8.      The Vessel arrived at Matanzas on May 22, 2003, and loading commenced the following day.

9.      A portion of the steel being loaded, consisted of 551 coils of rolled steel sheets, was completed on May 30, 2003.  A Bill of Lading was issued bearing that date and was signed by the Master of the Vessel, naming Siderurgica Del Orinoco (Sidor) C.A. as the shipper and Changshu, China as the port of discharge.

10.     The remaining cargo was loaded and the Vessel sailed for China on June 6, 2003, arriving at Changshu on July 27, 2003.

11.      Upon the Vessel's arrival, she was met by the receivers and holders of the Bill of Lading, Minmetals Steel Co. Ltd.

12.     Minmetals had purchased the 551 coils of steel from Duferco S.A.  Pursuant to the terms of the contract between Minmetals and Duferco, the cargo was to be shipped no later than May 30, 2003 or else Minmetals was entitled to reject the cargo.

13.     Minmetals contended that the loading of the 551 coils had not been completed by May 30, 2003 and that the Bill of Lading had been fraudulently back-dated.

14.     On October 26, 2003, Minmetals commenced legal proceedings in the Wuhan Maritime Court against Plaintiff herein, claiming that it had lost its right to reject the steel and accordingly suffered loss and damages.

15.     Plaintiff denied the allegations asserted against it and, at substantial costs, defended the Wuhan Maritime Court proceedings.

16.     The Wuhan Maritime Court rendered its decision on July 30, 2004, and held Plaintiff liable to Minmetals for the sum of US $446,601.56, plus interest and costs.  A copy of the court's ruling is attached hereto as Exhibit "B" and incorporated by reference herein.

17.     Plaintiff is currently appealing the judgment issued by the Wuhan Maritime Court.

18.     Clause 8 of the charter party between Plaintiff and Defendant, *inter alia*, subjects the Captain of the Vessel to the orders and directions of the Defendant.  Moreover, pursuant to Clause 8, the Captain is also charged with signing bills of lading.

19.     The Captain, complying with Defendant's orders and direction, signed and issued the Bill of Lading that is the subject of the instant suit.

20.     Defendant, having caused the Bill of Lading to be issued, is obligated to indemnify Plaintiff against all loss suffered in defending the resulting litigation, as well as all costs and fees resulting from any and all subsequent proceedings.

21.     Moreover, Rider Clause 48 provides that any disputes arising thereunder shall be submitted to arbitration in London, England and according to English law.

22.     Plaintiff has initiated arbitration proceedings in London against Defendant and specifically reserves the right to continue to arbitrate the substantive matters in dispute pursuant to the aforementioned arbitration provision.

23.     Plaintiff has submitted a claim against Defendant in the London arbitration for indemnity, consisting of the following items of damages, fees and costs incurred in connection the legal proceedings brought by Minmetals against Plaintiff in China, together with interest on all such amounts as recoverable in London arbitratoin:

| | | |
|---|---|---|
| A. | Principal amount of Wuhan Maritime Court judgment | US $446,601.56 |
| B. | Interest to date on the Wuhan Maritime Court judgment | US $106,666.32 |
| C. | Court fees assessed by Wuhan Maritime Court | US $5,417.74 |

- 4 -

| | | |
|---|---|---|
| D. | Plaintiff's legal fees and costs in defending Wuhan Maritime Court action | US$204,861.00 |
| E. | Court fees assessed by Appeal Court | US$5,596.12 |
| F. | Plaintiff's anticipated legal fees in Appeal Court proceeding and in possible retrial | US$49,000.00 |
| | | US$818,142.74 |

24.     In addition to an attachment for the full amount of Plaintiff's indemnity claim, Plaintiff seeks an attachment over an additional sum to cover its current and anticipated legal fees and costs in the London arbitration as, and to the extent, recoverable under English Law.

25.     Plaintiff's legal fees and costs to date are approximately $40,000.00. Plaintiff estimates its further legal fees and costs for the remainder of the London arbitration at approximately another $40,000.00.  Plaintiff estimates that it will take approximately two years to conclude the London arbitration.  Therefore, Plaintiff seeks an attachment of its total anticipated legal fees and costs of $80,000.00, plus interest thereon of $11,011.12 (two years at 6.5% compounded quarterly), for a total of $91,011.12.

26.     Based upon the foregoing, the sum total sought to be attached in this action is US $909,153.86, consisting of $818,142.74 in connection with the Chinese legal proceedings and $91,011.12 in connection with the London arbitration proceedings.

27.     Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Plaintiff avers, on information and belief, that Defendant has, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, or any other tangible or intangible property, of,

belonging to, due, claimed by or being held by or for the benefit of Defendant (hereinafter "assets"), located at, moving through, or held by, any garnishee(s) located within this District, including but not limited to HSBC (USA) Bank; Bank of America N.A.; The Bank of New York; Citibank N.A.; JPMorganChase Bank; Standard Chartered Bank; Wachovia Bank N.A.; Deutsche Bank AG; Barclays Bank PLC; UBS A.G.; Credit Suisse; Nordea Bank Finland PLC; Fortis Financial Services LLC; ABN-AMRO Bank N.V.; American Express Bank Ltd; Bank of China, and/or others.

28.    Plaintiff, for its part, has satisfied all of its obligations under the terms of the charter party.

**WHEREFORE**, Plaintiff, FAR EASTERN SHIPPING CO., prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendant, PROGRESS BULK CARRIERS, LTD., citing it to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendant in the principal amount of the claim, plus interest, costs and reasonable attorneys' fees;

b.    That if Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of US $909,153.86 may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, or for the benefit of, Defendant, including but not limited to such assets as may be held, received or transferred in their own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody  or control of banking institutions including but not limited to HSBC (USA) Bank, Bank of America N.A., The Bank of New York, Citibank N.A., JPMorganChase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, Barclays Bank PLC; UBS A.G.; Credit Suisse; Nordea Bank Finland PLC; Fortis Financial Services LLC; ABN-AMRO Bank N.V.; American Express Bank Ltd; Bank of China and/or any other garnishees(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c.    That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

d.      For such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated:       December 14, 2007

LAW OFFICES OF SIMON HARTER, ESQ.
Attorneys for Plaintiff,
FAR EASTERN SHIPPING CO.

By:      _____
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 (Phone)
(212) 979-0251 (Fax)

ATTORNEY VERIFICATION

- 7 -

**STATE OF NEW JERSEY** )
                            ) **ss.:**
**COUNTY OF MERCER** )

        **SIMON HARTER** verifies the following pursuant to 28 U.S.C. §1746:

     1.      I am a member of the Law Offices of Simon Harter, Esq., Attorneys for Plaintiff, FAR EASTERN SHIPPING CO., in this action and a Member of the Bar of this Honorable Court. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

     2.      The sources of my information and the grounds for my belief are communications, information, and documentation provided by the Plaintiff and/or its duly authorized agents.

     3.      The reason this Verification is made by an attorney and not the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

        I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 14th day of December, 2007.

                      _____
                      Simon Harter (SH-8540)
                      Law Offices of Simon Harter, Esq.
                      304 Park Avenue South – 11th Floor
                      New York, New York 10010
                      (212) 979-0250 - Phone
                      (212) 979-0251 - Fax

# EXHIBIT B

LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 – Phone
(212) 979-0251 – Fax
Attorneys for Plaintiff, Far Eastern Shipping Co.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

07 CV 11375

-------------------------------------------------------x

FAR EASTERN SHIPPING CO.,                    :
                                             :
                    Plaintiff,               :
                                             :
     -against-                               :
                                             :
PROGRESS BULK CARRIERS, LTD.,                :          **AFFIDAVIT PURSUANT TO**
                                             :          **SUPPLEMENTAL RULE B(1)(b)**
                    Defendant.               :
-------------------------------------------------------x

**STATE OF NEW YORK**        )
                             ) **ss.:**
**COUNTY OF NEW YORK**       )

          **GERALD WEATHERS**, having been duly sworn, deposes and states the following under oath:

          1.     I am an associate in the Law Offices of Simon Harter, Esq. I am familiar with the facts of this case and make this Affidavit pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. In this Affidavit, I present the results of our investigation of whether Defendant is "found" within this Judicial District within the meaning of Rule B. I also present a description of the particular proceedings and claims which underlie Plaintiff's request for security via attachment pursuant to Rule B.

                              **"FOUND" INVESTIGATION**

          2.     Deponent has made an investigation and deponent believes that based upon the results of said investigation, Defendant, PROGRESS BULK CARRIERS, LTD., is a

corporation or other business entity which cannot be "found" within this District for the purpose of an attachment under Rule B. Deponent's investigation has consisted of the following:

(a)     Deponent contacted the office of the New York Department of State, Division of Corporations, on November 26, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant. The search result indicated that Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b)     Deponent consulted Directory Assistance for New York on November 26, 2007 via Verizon Nationwide 411 and was given the number 914-478-1469 when inquiry was made for the Defendant;

(c)     Deponent called 914-478-1469 on November 26, 2007 and, without any prompting by Deponent, the call was answered, "ACTS";

(d)     Deponent consulted the current 2007 Edition of The Journal of Commerce's Transportation Telephone Tickler (Vol. 1: New York Metropolitan Area) on November 26, 2007 and Defendant was listed; however, Defendant's listing was "in care of" ACTS (American Corporate Technical Services, Inc.);

(e)     Given the apparent relationship between Defendant and American Corporate Technical Services, Inc., deponent contacted the office of the New York Department of State, Division of Corporations, on November 26, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for American Corporate Technical Services Inc. The search result indicated that American Corporate Technical Services Inc. is not an active New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(f)     Deponent also consulted the current 2007 Edition of The Journal of Commerce's Transportation Telephone Tickler (Vol. 1: New York Metropolitan Area) on November 26, 2007 and there was no listing for American Corporate Technical Services, Inc.;

(g) Deponent accessed Internet search engine http://www.ask.com on November 26, 2007, and the only indication that Defendant conducts any activities in New York is a link which directed Deponent to http://www.strategicdataworks.co.uk/MedBrokerage.html. The only reference to Defendant at the indicated website states that: "[e]stablished in 1995 and based in Long Island, New York, Med Brokerage are managing agents for progress bulk carriers based in the Bahamas."

Even assuming, *arguendo*, that Med Brokerage is Defendant's agent in the legal, rather than commercial sense, merely having an agent amenable to service of process

does not render one "found" within the court's jurisdiction. *Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.*, 476 F.Supp.119 (S.D.N.Y. 1979), which, for the purposes of interpreting "found," was relied upon in the Second Circuit's most recent interpretation of maritime attachments. *See, Agua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). *Integrated* held that:

> A maritime attachment is precluded under Admiralty Rule B(1) only if the defendants have engaged in sufficient activity in the district or the cause of action has sufficient contacts with the district to permit the court to exercise In personam jurisdiction over the defendants (hereafter referred to as presence in the jurisdictional sense), And in addition can be found within the geographical confines of the district for service of process. Thus the attachment will lie unless the defendant is present in the district in both senses.

*Id.* at 122, *internal citations omitted.* Moreover, in explaining the rule, the court declared that "the fact that a defendant can be subjected to the court's In personam jurisdiction by virtue of the presence of a resident agent for service of process will not suffice to defeat the attachment if the defendant is not otherwise present in the district in the jurisdictional sense...." *Id.*

    3.    Based upon the foregoing, your deponent submits that Defendant, PROGRESS BULK CARRIERS, LTD., cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an Order of Attachment against such tangible and intangible property of Defendant as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

## CLAIMS FOR WHICH ATTACHMENT IS SOUGHT

    4.    As indicated more fully in Plaintiff's Verified Complaint, the primary nature of Plaintiff's claims against Defendant is for an indemnity in connection with any liability Plaintiff may incur in a legal proceeding commenced in China by Minmetals Steel Co. Ltd. Minmetals, as the receiver of a cargo of coils of rolled steel sheets, commenced legal proceedings against Plaintiff, asserting various claims in connection with a bill of lading issued by Plaintiff at the instruction of Defendant. The Wuhan Maritime Court rendered a judgment against Plaintiff in July 2004 in the amount of $446,601.56 plus interest and costs. Plaintiff has appealed from that judgment and the appeal is ongoing.

    5.    As also noted in Plaintiff's Verified Complaint, Plaintiff has initiated London arbitration proceedings against Defendant on the basis of an arbitration clause in the charter party contract between the parties. A copy of the charter party is found at Exhibit "A" to Plaintiff's Verified Complaint.

    6.    Plaintiff has presented a claims submission in the London arbitration outlining the Chinese proceedings and asserting the claims for which security is sought herein. Specifically, Plaintiff seeks full indemnity from Defendant, under English law which

governs the charter party, for any liability Plaintiff incurs as a result of following Defendant's instructions, as charterer, with respect to issuance of the bill of lading at issue in the Chinese proceedings, along with the fees and costs incurred by Plaintiff in defending the initial action brought by Minmetals and in bringing the present appeal. In addition, Plaintiff seeks the legal fees and costs it has incurred, and anticipates incurring, in connection with the London arbitration, which are recoverable under English law, along with interest on the various claims as appropriate.

7.      It is possible that the Chinese action may be resolved, either on the basis of a favorable decision by the Appeals Court or by an amicable settlement between the parties, for an amount which is less than the judgment and accrued interest and which may ultimately result in Plaintiff incurring less fees and costs than are presently anticipated in connection with the proceedings in China. Similarly, it is possible that the London proceedings may be resolved on the basis of the outcome of the Chinese proceedings or by amicable resolution, in which case Plaintiff may not ultimately incur the full amount of fees and costs estimated herein. Since, however, the eventual outcome is not known at this time, Plaintiff seeks security in the full amount of the reasonably anticipated liability, fees and costs it may incur.

FURTHER AFIANT SAYETH NOT.

Dated:  December 18, 2007
        New York, New York

**GERALD WEATHERS**

Sworn and subscribed to before me
this 18th day of December 2007

Commissioner of the Court

- 4 -

# EXHIBIT C

Sharter@harter~~~.com
CROTTY/J

**BY HAND**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/07

LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010

RECEIVED BY LEGAL DEPARTMENT

(212) 979-0250 – Phone
(212) 979-0251 – Fax

DEC 2 1 2007   **JUDGE CROTTY,**

Attorneys for Plaintiff, Far Eastern Shipping Co.

DEUTSCHE BANK AG NY BRANCH

4:21 PM

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**07 CV 11375**

----------------------------------------------------------------x

FAR EASTERN SHIPPING CO.,

              Plaintiff,

  -against-

**ORDER DIRECTING CLERK
TO ISSUE PROCESS OF
MARITIME ATTACHMENT
AND GARNISHMENT**

PROGRESS BULK CARRIERS, LTD.,

              Defendant.

----------------------------------------------------------------x

## EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT

**WHEREAS,** on December 19, 2007, Plaintiff, FAR EASTERN SHIPPING CO.
("Plaintiff"), filed a Verified Complaint herein for damages amounting to $909,153.86, and
praying for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of
the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil
Procedure; and,

**WHEREAS,** the Process of Maritime Attachment and Garnishment would command that the
United States Marshal or other designated process server attach any and all of the Defendant's
property within the District of this Court; and,

**WHEREAS,** the Court has reviewed the Verified Complaint and the Rule B Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby,

**ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other tangible and intangible property belonging to, due, claimed by or being held by or for the Defendant by any garnishee(s) within this District, including but not limited to HSBC (USA) Bank, Bank of America, The Bank of New York, Citibank N.A., JPMorganChase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, Barclays Bank PLC, UBS A.G., Credit Suisse, Nordea Bank Finland PLC, Fortis Financial Services LLC, ABN-AMRO Bank N.V., American Express Bank Ltd., Bank of China, and/or others, in an amount up to $909,153.86, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; and, it is further

**ORDERED,** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and, it is further

**ORDERED,** that supplemental process specifying other or additional garnishees enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and, it is further

**ORDERED,** that following initial service upon any garnishee by the United States Marshal or any other person designated or authorized by Order to make service in this action, subsequent and/or supplemental service of Process of Maritime Attachment and Garnishment may thereafter

- 2 -

be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served; and, it is further

**ORDERED**, that each garnishee so personally served shall promptly furnish to the United States Marshal or to any other persons designated or authorized by Order to make service in this action, a facsimile number or an e-mail address at which supplemental and/or subsequent service may be made by verifiable electronic means and that such supplemental and/or subsequent service to the designated facsimile number or e-mail address shall be deemed service within this District; and, it is further

**ORDERED**, that service on any garnishes as described above is deemed continuous throughout the day from the time of such service through the opening of the garnishee's business the next business day; and, it is further

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each garnishee may consent, in writing, to accept service by any other means; and, it is further

**ORDERED**, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment

Dated:   December __21__, 2007

SO ORDERED:

_____
U.S.D.J.

A CERTIFIED COPY
J. MICHAEL McMAHON,          **CLERK**

BY _____
DEPUTY CLERK

- 3 -

## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the MARSHAL of the UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK, GREETINGS:

WHEREAS, a Verified Complaint has been filed in the United States District Court, Southern District of New York, on the 19th day of December, 2007 and styled:

**FAR EASTERN SHIPPING CO.,**

**Plaintiff,**

-against-

**PROGRESS BULK CARRIERS LTD.,**

**Defendant.**

**07 CV 11375**

*JUDGE CROTTY*

in a certain action for amounts due Plaintiff from Defendant in connection with a claim for breach of a maritime contract of charter party, and praying for Process of Maritime Attachment and Garnishment against the said Defendant in the amount of $909,153.86 and,

WHEREAS, this Process is issued pursuant to such prayer and requires that a garnishee shall serve his Answer, together with answers to any Interrogatories served with the Verified Complaint, within 20 days after service of process upon him and requires that Defendant shall serve its Answer within 30 days after process has been executed, whether by attachment of property within the possession of the garnishees or service on the garnishees.

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District, you attach all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic fund transfers, freights, sub-freights, charter hire, sub-charter hire or any other tangible or intangible property belonging to, due, claimed by or being held by or for the Defendant by any garnishee(s) within this District, including but not limited to such assets as may be held, received, or transferred in its/their own name or as may be held, received or transferred for its benefit, moving through, or within the possession, custody or control of, HSBC (USA) Bank; Bank of America; The Bank of New York; Citibank N.A.; JPMorganChase Bank; Standard Chartered Bank; Wachovia Bank N.A.; Deutsche Bank AG; Barclays Bank PLC; UBS A.G.; Credit Suisse; Nordea Bank Finland PLC; Fortis Financial Services LLC; ABN-AMRO Bank N.V.; American Express Bank Ltd.; Bank of China, or others, together with any such assets as may be held by any other garnishee(s) on whom a copy of this Order of Attachment or other supplemental process may be served, and that you seize them and promptly after execution of this process, file the same in this Court with your return thereon.

WITNESS, the Honorable _____, United States District Judge of said Court, this 21st day of December, 2007, and of our Independence the Two Hundred and Thirty-First.

Clerk

By: _~Graham Lewis~_
Deputy Clerk

A CERTIFIED COPY
J. MICHAEL McMAHON, . . . CLERK

- 2 -

BY _~Graham Lewis~_

NOTE:  This process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

EXHIBIT D

 **Switchboard**® Your Digital Directory

| Find a Business | Find a Person | Maps & Directions | Search by Phone | Area & Zip Codes | Web |

Business Name or Category                  Location                          Within
progress bulk                              state of new york                 [            ▼]    Sear

## Search Results for *progress bulk* in *state of new york*  (1 - 1 of 1)



View Results on Map

**Related Searches (4)**

Trucking liquid & dry bulk

Bulk food stores

Petroleum bulk stations & terminals

Water bottled & bulk

**Sort By: Advertiser** | Distance | A-Z

### Progress Bulk Carriers Limited
25 Main Street Hastings On Hudson, NY   zip code
Phone | Search the Web | More Information

Business Categories: Trucking Companies, Nonclassified Establishments
Map | Driving Directions | What's Nearby? | ▮Send to Mobile Phone

data by **ACXIOM**
Some business data provided by infoUSA, Inc. Copyright ® 2007



Yellow Pages | White Pages | Maps | Town Directories | Business Categories

About Switchboard | Contact Us | Advertising | Tools and Tips

Terms of Use | Privacy Policy | © 2008 Idearc Media Corp. All Rights Reserved.



Results **1 - 1** of about **40,884** for **progress bulk carriers**



A. **Progress Bulk Carriers** Ltd
   25 Main St, Hastings on Hudson, NY
   (914) 478-1469

Business listings distributed by <u>YellowPages.ca</u>™



Case 1:07-cv-11375-PAC    Document 12-5    Filed 01/24/2008    Page 5 of 10

**Web**  Images  Maps  News  Shopping  Gmail  more ▾      Sign in

Google

| "progress bulk" "ny" | Search |

Advanced Search
Preferences

**Web**  Maps        Results **1** - **10** of about **56** for "**progress bulk**" "**ny**". (**0.09** seconds)



**Progress Bulk Carriers Ltd**
maps.google.com

25 Main St
Hastings on Hudson, NY 10706
(914) 478-1469
Get directions

More information »

Sponsored Links

.

Progress Lighting Outlet
Progress Lighting in stock.
Order today, we ship tomorrow!
www.progresslightingoutlet.com

Wholesale in Bulk Lots
Bulk lot merchandise auctions.
Online auctions start at just $100!
www.liquidation.com

Bulk
Free Wholesale Directory of
Hundreds of Product Suppliers.
www.Wholesale411.com

`

World Exonumia Sale 10 featuring ELONGATED coins.
X-REF: 1933 Century of **Progress Bulk** Lot/Quantity/Resale Elongated Coins .... X-
REF: S-**NY** Elongated Coins Fire Department/Firefighters ...
www.exonumia.com/Sale10/elongat.htm - 54k - Cached - Similar pages

World Exonumia: World's Fair tokens, medals, badges, ribbons ...
X-REF: 1933 Century of **Progress Bulk** Lot/Quantity/Resale Elongated Coins ... **NY** World's
Fair Lot of 13, 1939. Nice dealer lot of 13 mixed, about XF-Unc, ...
www.exonumia.com/Sale10/fair.htm - 98k - Cached - Similar pages
More results from www.exonumia.com »

USDCData.com NYSD Foley Square 1:04-cv-00434 MacSteel ...
New York, **NY** 10018 (212) 279-8880 ATTORNEY TO BE NOTICED. Defendant. **Progress
Bulk** Carriers Ltd. Defendant. Med Brokerage & Management Corp. Cross Claimant ...
www.usdcdata.com/.../2004/cv00434.MacSteel_
International_USA_Corp._v._MV_Ain_Oussera_et_al/CS_1_0400434.html - 9k -
Cached - Similar pages

Docket Search: "**progress bulk** carriers, ltd." - Justia Federal ...
**Progress Bulk** Carriers Ltd. et al, **NY** Southern, Castel, Marine, Admiralty ... **Progress
Bulk** Carriers Ltd. v. Daeshin Shipping Co. Ltd. **NY** Southern, Chin ...
dockets.justia.com/search?q=Progress+Bulk+Carriers%2C+Ltd. - 71k -
Cached - Similar pages

Contract Cases filed in the New York Southern District Court by ...
**Progress Bulk** Carriers, Ltd. **NY** Southern, Pauley, Other Contract, Diversity-Other
Contract. Petitioner: Dicalite Armenia, Inc., Respondent: **Progress Bulk** ...
dockets.justia.com/browse/state-new_york/court-**ny**sdce/judge-Pauley/noscat-1/ - 127k -
Cached - Similar pages
More results from dockets.justia.com »

[PDF] F I L E D
File Format: PDF/Adobe Acrobat - View as HTML
providing the Ain Temouchent to **Progress Bulk** for a period ofsix to ten months at ... 45,
pursuant to which "[a]**ny** dispute arising under this Charter Party ...
caselaw.findlaw.com/data2/circs/5th/0430370p.pdf - Similar pages

Maritime Law Association of the United States

**Progress Bulk**, the time-chartered owner, had voyage chartered the ship to .... Ct., **N.Y.**

Cty. 2003), the court vacated a $2.4 million construction **...**
www.mlaus.org/article.ihtml?id=736&issue=53&folder=0 - 80k - Cached - Similar pages

### Fifth Circuit, Federal Circuits, Docket 04-30370 - vLex
**Progress Bulk** was to use the Ain Temouchent to transport cargo for other com **...** pursuant
to which "[a]**ny** dispute arising under this Charter Party [was] to **...**
vlex.com/vid/19557572 - Similar pages

### World Of Fire Report: 02-01-04 - Firehouse Forums - Firefighting ...
Companies making good **progress. Bulk** of fire is knocked down. **.....** BRONX **NY** A/H'S
685 223 ST, FIRE IN THE BASEMENT OF A PVT DWLG, ALL VISIBLE FIRE K/D, **...**
forums.firehouse.com/showthread.php?t=56888 - 133k - Cached - Similar pages

### A new crystal structure of deoxyhypusine synthase reveals the ...
**...** Hauptman-Woodward Medical Research Institute, 73 High St., Buffalo, **NY ....** refinement
**progress. Bulk** solvent correction and an overall anisotropic **...**
www.jbc.org/cgi/reprint/M404095200v1.pdf - Similar pages

**1** 2 3 4    **Next**

"progress bulk" "ny"    Search

Search within results | Language Tools | Search Tips | Dissatisfied? Help us improve | Try Google Experimental

©2008 Google - Google Home - Advertising Programs - Business Solutions - About Google



Finding People, Places, and Businesses

**HOME**     **YELLOW PAGES**     **WHITE PAGES**     **REVERSE LOOKUP**     **HELP**

progress bulk                          NY                              Q FIND

Business Name or Category              City and State or ZIP Code

**Search Tips**                        ☐ Set as Default Location

We found **1 business** for "progress bulk" in **New York**.

You can select **Save This Search** on the right to store this search in MY YELLOWPAGES.COM

## Progress Bulk Carriers Ltd

25 Main St
Hastings On Hudson, NY 10706 Map

**(914) 478-1469**

★ ★ ★ ★ ★
**Read Reviews**



Case 1:07-cv-11375-PAC     Document 12-5     Filed 01/24/2008     Page 8 of 10

**SPONSORED LINKS**

eHarmony.com

Classmates.com
Find old friends and reconnect
with them!

Reunion.com
Find Anyone's Email Address

W3 Data
Reach new customers in your
area!

Instant Background Check on Anyone

Batch Phone and Address Search

Find Anyone's Email

Home  |  About AnyWho  |  Help  |  Site Map  |  YELLOWPAGES.COM

Business Listings provided by ©2007 YELLOWPAGES.COM LLC. All rights reserved.
Terms and Conditions.   Privacy Policy
© 2007 AT&T Knowledge Ventures. All Rights Reserved.

# WhitePages.com™
### search. find. connect.



**Home**   **People Search**   Business Search   **Reverse Lookup**   **Area & ZIP Codes**   **Planning Guides**

Business Search    Browse Categories



**Businesses**

**People**

Search for: `progress bulk`  in  `NY`    [ Search ]    ▶ Advanc

**Search Results for** *progress bulk*  |  **Show Online Product Results**
Business names containing progress bulk

[ ▼ Sort Results and Viewing ]   [ ▶ Narrow My Search ]

Sort: **Standard** | A-Z | Rating | Serving the Area          Show: [ 15 per page ▼ ]

Sponsored Results

**American Freight & Trucking Companies**
Nationwide Freight Shipping & Trucking Services. Discounts Up to 70%
www.FreightCenter.com

Add to MyInfo AddressBook
Save to Outlook

★★★★★
Reviews (9) - Rate It

FreightCenter

---

**Affinity Freight Shipping & Trucking Companies**
Nationwide discounts up to 80% on all LTL shipments. Get a Free Quote.
http://www.affinityfreight.com
[ phone ]

Add to MyInfo AddressBook
Save to Outlook

---

All Listings
**Report Incorrect Listings >**

**Progress Bulk Carriers Limited**
25 Main Street, Hastings On Hudson, NY 10706

**(914) 478-1469**
[ phone ] [ map ]

Add to MyInfo AddressBook
Save to Outlook

Be the first to Rate It

Data by Acxiom. Copyright ©2008 , Acxiom, Inc.

**Report Incorrect Listings >**    **Have a Business? Want More Customers? Find them here.**

**Businesses**

**People**

Search for: progress bulk   in NY   Search   ▶ Advanc

Powered by
**super**pages.com

## Search
Home
People Search
Business Search
Reverse Phone
Reverse Address
Area Codes
ZIP Codes
Gadgets & Tools
Site Map

## Tools
About WhitePages Services
Phone Append
Address Append
XML Lookups
Mailing Lists
People Search by State
Business Search by State
Free White Pages and
Yellow Pages on 411.com
City White Pages

## Resources
Wedding Guide
Auto Guide
Moving and Home
Improvement Guide
Privacy Central

## About Searches
White Pages
Business Search
Reverse Phone Directory
Reverse Address Lookup
Area Code and ZIP Code Direc



Get your Web site designed
by a professional.

WHAT WOULD A NEW WEB SITE
DO FOR

Copyright © 1996-2007 WhitePages.com. All rights reserved.
Privacy Policy, Legal Notice and Terms under which this service is provided to you.

EXHIBIT E

# AMERICAN CORPORATE TECHNICAL SERVICES Inc.
## 25 Main Street - Suite 'B', Hastings-on-Hudson, NY 10706 USA
### Tel. No.: (914)478-4321 * e-mail: seawolf@cloud9.net * Fax: (914)478-0001

# VIA FEDERAL EXPRESS

May 4, 2006

State of New York
Office of the Attorney General
The Capitol
Room 220
Albany NY 12224-0341

re: Filing Form U-2 (Uniform Consent to Service of Process

Dear Sir/Madam:

Please find enclosed the executed U-2 form designating this office for service of process on behalf of Progress Bulk Carriers, Ltd.

Please address any questions regarding this registration to the undersigned.

Thank you in advance.

Sincerely Yours,
American Corporate Technical Services, Inc.

Peter D. Wolf
President

cc (also via Federal Express):
State of New York
Office of the Attorney General
120 Broadway - 4th Floor
New York City, NY 10271
(212) 416-8000

*NO Record.*

### FORM U-2 UNIFORM CONSENT TO SERVICE OF PROCESS

**KNOW ALL MEN BY THESE PRESENTS:**

That the undersigned Progress Bulk Carriers Ltd (a corporation), ~~(a partnership), or (~~ ~~an~~ organized under the laws of  Nassau, Bahamas , ~~or (an individual), (strike out inapplicable nomenclature)~~ for purposes of complying with the laws of the States indicated hereunder ~~relating to either the registration or sale of securities~~ hereby irrevocably appoints the officers of ~~the States so designated hereunder and their successors in such offices, its attorney in~~ ~~those States as designated~~ upon whom may be served any notice, process or pleading in any action or proceeding against it ~~arising out of, or in connection with, the sale of securities or out of violation of the aforesaid laws of the States so designated~~ and the undersigned does hereby consent that any such action or proceeding against it may be commenced in any court of competent jurisdiction and proper venue within the States so designated hereunder by service of process upon the officers so designated with the same effect as if the undersigned was organized or created under the laws of that State and have been served lawfully with process in that State.

It is requested that a copy of any notice, process or pleading served hereunder be mailed to:

AACTS (American Corporate Technical Services, Inc.)
_____
(Name)
 25 Main Street — Suite 'B', Hastings-on-Hudson, NY 10706 
_____
(Address)

Place an "X" before the name of all the States for which the person executing this form is appointing the designated Officer or that State as its attorney in that State for receipt of service of process:

| | | | |
|---|---|---|---|
| _____ALABAMA | Secretary of State | _____ FLORIDA | Department of Banking and Finance |
| _____ALASKA | Administrator of the Division of Banking and Corporations, Department of Commerce and Economic Development | _____ GEORGIA | Commissioner of Securities |
| | | _____ GUAM | Administrator, Department of Finance |
| _____ARIZONA | The Corporation Commission | _____ HAWAII | Commissioner of Securities |
| _____ARKANSAS | The Securities Commissioner | _____ IDAHO | Director, Department of Finance |
| _____CALIFORNIA | Commissioner of Corporations | _____ ILLINOIS | Secretary of State |
| _____ COLORADO | Securities Commissioner | _____ INDIANA | Secretary of State |
| _____CONNECTICUT | Banking Commissioner | _____ IOWA | Commissioner of Insurance |
| _____DELAWARE | Securities Commissioner | _____ KANSAS | Secretary of State |
| _____DISTRICT OF COLUMBIA | Public Service Commission | _____ OHIO | Secretary of State |
| _____KENTUCKY | Director, Division of Securities | _____ OREGON | Director, Department of Insurance and Finance |

(Rev. 1991)

| | | | |
|---|---|---|---|
| _____LOUISIANA | Commissioner of Securities | _____OKLAHOMA | Securities Administrator |
| _____MAINE | Administrator, Securities Division | _____PENNSYLVANIA | Pennsylvania does not require filing of a Consent to Service of Process |
| _____MARYLAND | Commissioner of the Division of Securities | _____PUERTO RICO | Commissioner of Financial Institutions |
| _____MASSACHUSETTS | Secretary of State | _____RHODE ISLAND | Director of Business Regulation |
| _____MICHIGAN | Administrator, Corporation and Securities Bureau, Department of Commerce | _____SOUTH CAROLINA | Secretary of State |
| _____MINNESOTA | Commissioner of Commerce | _____SOUTH DAKOTA | Director of the Division of Securities |
| _____MISSISSIPPI | Secretary of State | _____TENNESSEE | Commissioner of Commerce and Insurance |
| _____MISSOURI | Securities Commissioner | _____TEXAS | Securities Commissioner |
| _____MONTANA | State Auditor and Commissioner of Insurance | _____UTAH | Director, Division of Securities |
| _____NEBRASKA | Director of Banking and Finance | _____VERMONT | Secretary of State |
| _____NEVADA | Secretary of State | _____VIRGINIA | Clerk, State Corporation Commission |
| _____NEW HAMPSHIRE | Secretary of State | _____WASHINGTON | Director of the Department Licensing |
| _____NEW JERSEY | Chief, Securities Bureau | _____WEST VIRGINIA | Commissioner of Securities |
| _____NEW MEXICO | Director, Securities Div. | _____WISCONSIN | Commissioner of Securities |
| _____NEW YORK | Secretary of State | _____WYOMING | Secretary of State |
| _____NORTH CAROLINA | Secretary of State | | |
| _____NORTH DAKOTA | Securities Commissioner | | |

Dated this:       1st    day of    May           , 20 06

X _____

(SEAL) BAHAMAS      By Sevim Numanoglu

Progress Bulk Carriers, Ltd.      President

                                  Title

(Rev. 1991)

Form U-2(con't)

## CORPORATE ACKNOWLEDGEMENT

State or Province of _New York_
County of _Nassau_ } SS.

On this _1st_ day of _May_, 20_06_, before me _Notary_ the undersigned officer, personally appeared _Sevion Dundaroglu_ known personally to me to (be) the _Pres_ (Title) of the above named corporation and acknowledged that he, as an officer being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as an officer.

IN WITNESS WHEREOF I have hereunto set my hand and official seal.

NANCY PERONE
Notary Public, State of New York
No. 01PE6092210
Qualified in Nassau County
Commission Expires May 12, 2007

_Nancy Perone_
Notary Public/Commissioner of Oaths

(SEAL)

My Commission Expires _May 12 2007_

## INDIVIDUAL OR PARTNERSHIP ACKNOWLEDGMENT

State or Province of _____ }
County of _____ } SS.

On this _____ day of _____, 20_____, before me _____ the undersigned officer, personally appeared _____ to me personally known and known to me to be the same person(s) whose name(s) is (are) signed to the foregoing instrument, and acknowledged the execution thereof for the used and purposed therein set forth.

IN WITNESS WHEREOF I have hereunto set my hand and official seal.

_____
Notary Public/Commissioner of Oaths

(SEAL)

My Commission Expires _____

vi

(Rev. 1991)

# EXHIBIT F



# Demovsky Lawyer Service

Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DICALITE ARMENIA, INC.,

        Plaintiff(s),                              Index No. 07 CV 8660

    -against-                                 AFFIDAVIT OF SERVICE

PROGRESS BULK CARRIERS, LTD.,

        Defendant(s).
-----------------------------------------------------------------X

STATE OF NEW YORK  )
                     S.S.
COUNTY OF ROCKLAND  )

        DAVID KSIAZEK, being duly sworn, deposes and says that he is over the age of eighteen

years, is employed by the attorney service, DLS, INC., and is not a party to this action.

        That on the 15th day of October, 2007, at approximately the time of 2;25 PM, deponent

served a true copy of the SUMMONS, CIVIL COVER SHEET, NOTICE OF PETITION, PETITION TO

CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT, ORDER, MEMORANDUM OF

LAW IN SUPPORT, AFFIDAVIT OF BARRY KATZ IN SUPPORT AND DISCLOSURE

STATEMENT OF DICALITE ARMENIA, INC. upon PROGRESS BULK CARRIERS, LTD. at Law

Offices of Peter D. Wolf, 25 Main Street (Back Entrance), Hastings-on-Hudson, New York 10706, by

personally delivering and leaving the same with PETER D. WOLF, who informed deponent that he is

authorized by PROGRESS BULK CARRIERS, LTD. to receive service at that address.

        PETER D. WOLF is a white male, approximately 53 years of age, stands approximately 5

feet 7 inches tall, weighs approximately 200 pounds with black and gray hair, beard, brown eyes and

glasses.

DAVID KSIAZEK #0974523

Sworn to before me this
17th day of October, 2007

D.L.S., Inc.
145 So. Mountain Rd
New City, NY 10956
845-639-7559
www.dlsny.com

NOTARY PUBLIC

JONATHAN T. RIPPS
Notary Public, State of New York
NO. 01RI6109718
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires May 17, 20___

# EXHIBIT G

# NYS Department of State

## Division of Corporations

## Entity Information

---

Selected Entity Name: AMERICAN CORPORATE TECHNICAL SERVICES INC.

Selected Entity Status Information

**Current Entity Name:** AMERICAN CORPORATE TECHNICAL SERVICES INC.
**Initial DOS Filing Date:** FEBRUARY 18, 1999
**County:** WESTCHESTER
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** INACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O PETER D. WOLF
36 MAIN ST., 2ND FL.
HASTINGS-ON-HUDSON, NEW YORK, 10706
**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

<u>Search Results</u>          <u>New Search</u>

<u>Division of Corporations, State Records and UCC Home Page</u>    <u>NYS Department of State Home Page</u>