UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FAR EASTERN SHIPPING CO.,

                                   Plaintiff,

      - against -

PROGRESS BULK CARRIERS, LTD.,

                                   Defendant.
------------------------------------------------------------------------X

**ECF CASE**

07 Civ. 11375 (PAC)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT PROGRESS BULK CARRIERS, LTD.'S MOTION TO VACATE THE RULE B MARITIME ATTACHMENT

Of Counsel:

Kirk M. Lyons
Jon Werner

**Lyons & Flood, LLP**
Attorneys for Defendant
PROGRESS BULK CARRIERS, LTD.
65 W. 36th Street, 7th Floor
New York, NY 10018
(212) 594-2400

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ........................................................................................................................ 1

    POINT I        PLAINTIFF HAS MISSTATED ITS BURDEN UNDER RULE E(4)(f) ........................................................................................ 1

    POINT II       PBC HAS AN AGENT FOR THE SERVICE OF PROCESS IN THE SOUTHERN DISTRICT OF NEW YORK ........................................................................................................ 2

    POINT III      PBC IS SUBJECT TO PERSONAL JURISDICTION IN THE SOUTHERN DISTRICT OF NEW YORK ....................................... 6

    POINT IV      PBC CAN BE FOUND "ACROSS THE RIVER" IN THE EASTERN DISTRICT OF NEW YORK ................................................... 10

    POINT V       PLAINTIFF'S ALTERNATIVE REQUEST FOR DISCOVERY SHOULD BE DENIED ...................................................... 10

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

Agrashell, Inc. v. Bernard Sirotta Co., 344 F.2d 583 (2nd Cir. 1965) .......................................... 7

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434 (2nd Cir. 2006) ...... 1, 6, 10, 11

Atlantic Steamers Supply Co. v. Int'l Maritime Supplies Co., 268 F. Supp. 1009
    (S.D.N.Y. 1967) .................................................................................................................... 7

Bulova Watch Co., Inc., v. K. Hattori & Co., Ltd., 508 F. Supp. 1322 (E.D.N.Y.
    1981) ..................................................................................................................................... 9

Central Savannah River Area Resources Development Agency v. White Eagle
    Int'l, 117 Misc. 2d 338, 458 N.Y.S.2d 167 (Sup. Ct. Nassau Co. 1983) ............................... 2

DeRito v. Chan, 1991 U.S. Dist. LEXIS 5424 (S.D.N.Y. 1991) ..................................................... 4

Dragonfly Shipping Co. v. Canadian Forest Navigation Co., 1989 U.S. Dist.
    LEXIS 13748 (S.D.N.Y. 1989) ............................................................................................. 3

Fashion Page, Ltd. v. Zurich Ins. Co., 50 N.Y.2d 265, 406 N.E.2d 747, 428
    N.Y.S.2d 890 (1980) ............................................................................................................. 2

Frummer v. Hilton Hotels International, Inc., 19 N.Y.2d 533, 227 N.E.2d 851,
    281 N.Y.S.2d 41 (1967) ........................................................................................................ 9

Gelfand v. Tanner Motor Tours, Ltd., 385 F.2d 116 (2nd Cir. 1967) ............................................. 9

Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd., 476 F.
    Supp. 119 (S.D.N.Y. 1979) .................................................................................................... 7

Iroquois Gas Corp. v. Collins, 42 Misc.2d 632, 248 N.Y.S.2d 494 (Sup. Ct. 1964,
    aff'd, 23 A.D.2d 823, 258 N.Y.S.2d 376 (4th Dept. 1965) ................................................... 7

Miller v. Surf Props., Inc., 4 N.Y.2d 475, 151 N.E.2d 874, 176 N.Y.S.2d 318
    (1958) .................................................................................................................................... 9

Paragon Oil Co. v. Panama Refining & Petrochemical Co., 192 F. Supp. 259
    (S.D.N.Y. 1961) .................................................................................................................... 4

Patrick Ellam, Inc. v. Nieves, 41 Misc.2d 186, 245 N.Y.S.2d 545 (Sup. Ct. 1963) ....................... 7

Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580 (2nd Cir. 1963) ......................... 3, 7

State of Oregon v. Tug Go Getter, 398 F.2d 873 (9th Cir. 1968) .................................................. 3

Tese-Milner v. Ad EFX Promotions, Inc., 2007 U.S. Dist. LEXIS 5397 (S.D.N.Y.

2007) ........................................................................................................................................ 8, 9

<u>Yayasan Sabah Dua Shipping SDN BHB v. Scandinavian Liquid Carriers, Ltd.</u>,
    335 F. Supp. 2d 441 (S.D.N.Y. 2004) ...................................................................................... 3

**Statutes**

New York Business Corporation Law § 1006(a)(4) ....................................................................... 5

Defendant Progress Bulk Carriers, Ltd. ("PBC") respectfully submits this Reply Memorandum of Law in further support of its motion to vacate the Ex Parte Order for issuance of process of maritime attachment and garnishment ("Attachment Order") and for dismissal of plaintiff's Verified Complaint, and in reply to plaintiff Far Eastern Shipping Co.'s ("FESCO") opposition to PBC's motion. The facts in support of these reply papers are set forth in the Supplemental Affirmation of Ibrahim Mazman dated February 1, 2008 ("Supp. Mazman Aff."), the Affirmation of Peter D. Wolf dated February 1, 2008 ("Wolf Aff."), and the Exhibits annexed thereto, to which the Court is respectfully referred.

## ARGUMENT

### POINT I:    PLAINTIFF HAS MISSTATED ITS BURDEN UNDER RULE E(4)(f)

FESCO's first point in its argument bears the heading "DEFENDANT HAS FAILED TO DEMONSTRATE THAT IT IS 'FOUND' IN THE SOUTHERN DISTRICT OF NEW YORK." (See Plaintiff's Memo at p. 3). This heading highlights FESCO's misunderstanding of the parties' relative burdens in a Rule E(4)(f) challenge to a Rule B attachment.

As the Second Circuit explained in Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2nd Cir. 2006), in a Rule E challenge, the plaintiff bears the burden of establishing, *inter alia*, that the named defendant cannot be found within district, and "a district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E."

Thus, it is FESCO and not PBC who must establish that PBC cannot be found in the Southern District of New York, and it is improper for FESCO to attempt to shift this burden upon PBC.

-1-

### POINT II: PBC HAS AN AGENT FOR THE SERVICE OF PROCESS IN THE SOUTHERN DISTRICT OF NEW YORK

FESCO devotes considerable energy and ink to scrutinizing PBC's appointment of ACTS as its agent for the service of process. FESCO repeatedly calls PBC's assertions with respect to American Corporate Technical Services, Inc. ("ACTS") "questionable" and begins by challenging the legal effectiveness of the Form U-2 filed by ACTS. (See Plaintiff's Memo at p. 4-5).

However, regardless of the effectiveness of the filing of the Form U-2, it is clear that PBC appointed ACTS as its agent for service of process. (See Wolf Aff. at ¶ 6). Registering with the New York Department of State, Division of Corporations is not the only method by which a corporation can appoint an agent for service of process. In Fashion Page, Ltd. v. Zurich Ins. Co., the Court of Appeals explained that formal designation "is merely a type of appointment which might, under certain circumstances, offer special benefits to the corporation or principal" and that "[i]n any event the designation procedure is optional" and "is not the only way of appointing an agent for receipt of process." Fashion Page, Ltd. v. Zurich Ins. Co., 50 N.Y.2d 265, 272, 406 N.E.2d 747, 751, 428 N.Y.S.2d 890, 893 (1980); see also Central Savannah River Area Resources Development Agency v. White Eagle Int'l, 117 Misc. 2d 338, 458 N.Y.S.2d 167 (Sup. Ct. Nassau Co. 1983) (upholding service of process on a person who was not even an employee of the defendant corporation, observing that "a corporation is free to disregard title or position, and without the formalities required by CPLR 318, choose an agent for service of process.")

Further, counsel for FESCO were actually aware of ACTS' presence in the Southern District of New York and that ACTS had a "relationship" to PBC. FESCO's counsel admitted as much in the Affidavit of Gary Weathers dated December 18, 2007, submitted in support of its

motion for the Ex Parte Order and PMAG ("Weathers Aff."). Counsel for FESCO even went so far as to telephone ACTS via the number listed for PBC. (See Exhibit B to Lyons Aff. at ¶¶ 2(b) – (e)). However, and most importantly for due diligence purposes, counsel for FESCO do not state what steps they took after they called PBC's number and heard a voice answer "ACTS." Presumably, counsel for FESCO disconnected the call. Had counsel for FESCO merely asked for PBC, or asked "Is this PBC?" they would have been informed that PBC had appointed ACTS as its agent for the service of process. (See Wolf Aff. at ¶¶ 18-19).

It is well-settled that Rule B plaintiffs must exercise due diligence in conducting their search for a defendant's presence in a district and that the failure to exercise such due diligence is justifiable grounds to vacate an attachment. See, e.g., Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582-83 (2nd Cir. 1963) (vacating an attachment where defendant had managing agent in district who would have been found but for plaintiff's failure to make appropriate inquiries); Dragonfly Shipping Co. v. Canadian Forest Navigation Co., 1989 U.S. Dist. LEXIS 13748 (S.D.N.Y. 1989) (vacating attachment where plaintiff failed to contact law firm that it knew represented defendant and which was, in fact, authorized to accept service of process); State of Oregon v. Tug Go Getter, 398 F.2d 873, 874-75 (9th Cir. 1968) (vacating attachment where defendant had managing agent in district and plaintiff would have found him through diligent efforts as US Marshal easily did); but cf. Yayasan Sabah Dua Shipping SDN BHB v. Scandinavian Liquid Carriers, Ltd., 335 F. Supp. 2d 441, 446 (S.D.N.Y. 2004).

Here, the evidence unequivocally establishes that FESCO's counsel failed to exercise the requisite due diligence in conducting a search for PBC in the Southern District of New York. Counsel for FESCO have admitted that they had <u>actual</u> knowledge of ACTS' presence and of the relationship between ACTS and PBC. Nevertheless, counsel for FESCO failed to take the next

logical and reasonable step that would have revealed PBC's presence in the Southern District of New York. A simply question to ACTS would have alerted plaintiff to the fact that PBC has an agent for service of process in the SDNY. This is all the more egregious since counsel for FESCO knew there was a relationship between ACTS and PBC at the time the telephone call was made to ACTS.

Further, the fact that ACTS' registration with the New York Department of State, Division of Corporation, is currently marked "inactive" is of no import, since ACTS remains an active, ongoing company, and continues to serve as PBC's agent for service of process. (See Wolf Aff. at ¶ 5). This is evidenced by the fact that ACTS has recently accepted service of process on behalf of PBC, despite its inactive status. (See Wolf Aff. at ¶ 15).[1]

Moreover, FESCO cites no case law or other authorities to support the proposition that an inactive corporation is prevented from acting as an agent for service of process. In fact, there is no such case law. Even a fully dissolved corporation may still accept service of process under New York law. See, e.g., DeRito v. Chan, 1991 U.S. Dist. LEXIS 5424, at *9 (S.D.N.Y. 1991) and New York Business Corporation Law § 1006(a)(4). See also Paragon Oil Co. v. Panama Refining & Petrochemical Co., 192 F. Supp. 259, 262-63 (S.D.N.Y. 1961).

FESCO has also challenged Med Brokerage and Management, Corp.'s ("MED") presence within the Southern District of New York as PBC's agent for service of process. (See Plaintiff's Memo at p. 6-10). Specifically, FESCO casts doubt as to whether any employees of MED report to work at MED's office at 29 Broadway, or whether anyone employed by MED is regularly available to accept service of process at that location. (See Plaintiff's Memo at p. 6).

---

[1] Any purported ambiguities with respect to ACTS' prior acceptance of service of process are easily resolved. As Mr. Wolf explained in his Affidavit, ACTS was formerly located at 36 Main Street, Hastings-on-Hudson, but in 2003 it relocated to 25 Main Street, Hastings-on-Hudson. (See Wolf Aff. at ¶¶ 3-4). Further, Mr. Wolf explains that his law office and ACTS are both run out of the same address. (See Wolf Aff. at ¶ 2).

-4-

In support of their claims, counsel for FESCO explain at great length how they visited MED's office at 29 Broadway and recount numerous third-party opinions as to whether MED maintains a presence in the office. However, FESCO does not cite any case law or other authorities to support its claim that the absence of regular attendance by MED employees at MED's 29 Broadway office renders that office unsuitable for the service of process on PBC.

As Mr. Mazman explains in his Supplemental Affirmation, MED has maintained an office at 29 Broadway, Suite 1707, since 2006. (See Supp. Mazman Aff. at ¶ 8). Mr. Mazman further explains that while no MED employees work out of this office on a regular basis, MED receives telephone calls and mail from this office and periodically MED employees travel to the office to retrieve mail that has been delivered there. (See Supp. Mazman Aff. at ¶¶ 13-15). Moreover, as Mr. Mazman explains, MED shares this office with Ali C. Kurtmer, MED's accountant of long standing, and Mr. Kurtmer has agreed to accept mail on behalf of MED and either notify MED of its delivery, forward the mail to MED, or personally deliver such mail to MED. (See Supp. Mazman Aff. at ¶¶ 10-12). Under such an arrangement, service of process may be properly effected at MED's 29 Broadway address.

Moreover, ample evidence demonstrates that FESCO was aware of MED's role as PBC's agent for service of process and of MED's office at 29 Broadway. As Mr. Mazman explains, during the course of the time charter of the M/V CHERKASSY (which is at the center of FESCO's lawsuit), MED frequently communicated directly with FESCO. (See Supp. Mazman Aff. ¶¶ 20-24). Specifically, at FESCO's request, PBC gave confirmation to FESCO that MED was authorized to act as PBC's agent. (See Supp. Mazman Aff. at ¶ 21). Thus, it is misleading and disingenuous for FESCO to imply that it was unaware of MED's relationship to PBC and was ignorant of MED's presence in the Southern District of New York.

## POINT III: PBC IS SUBJECT TO PERSONAL JURISDICTION IN THE SOUTHERN DISTRICT OF NEW YORK

FESCO argues that since PBC did not register with the State of New York to do business in New York, PBC has the burden of establishing that it is subject to personal jurisdiction in order to meet the second requirement of being "found" in the Southern District of New York. (See Plaintiff's Memo at p. 11). However, as noted in POINT I above, this attempt by FESCO to shift the burdens should be rejected, since it is FESCO who must establish that PBC cannot be found in the Southern District of New York. Aqua Stoli, supra, 460 F.3d at 445.

In any event, FESCO then disputes PBC's presence in the Southern District of New York by pointing out that PBC's address and telephone number are shared by ACTS. FESCO does not attempt to explain why that fact might be relevant to disputing PBC's presence in the Southern District of New York, and cites no case law or other authorities to support its position.

FESCO then observes that in a prior lawsuit, PBC denied an allegation that it had a principal place of business at 25 Main Street in Hastings-on-Hudson, presumably arguing that this denial is proof that PBC does not have a presence at that address at all. (See Plaintiff's Memo at pp. 11-12). However, this denial establishes nothing except the fact that PBC properly denied that its **principal** place of business is at 25 Main Street in Hastings-on-Hudson; it does not mean that PBC denied having a place of business at that address at all.

FESCO next challenges the assertion that PBC is subject to the specific jurisdiction of this Court by virtue of PBC's actions via MED in negotiating the charter of the M/V CHERKASSY which is at the heart of FESCO's lawsuit. (See Plaintiff's Memo at pp. 12-14).

Although FESCO concedes that the charter party stated that it was made and concluded in New York, and does not rebut PBC's contention that MED actually negotiated the charter party on its behalf in New York, FESCO nevertheless argues that these facts provide an

-6-

insufficient basis to establish specific jurisdiction over PBC. Specifically, FESCO relies on the facts that the principals involved were foreign corporations, that the performance of the charter was to take place outside of New York, that the charter party provides that it is governed by English law and that disputes are to be resolved by London arbitration. (See Plaintiff's Memo at p. 13).

However, none of the above contradicts the fact that mere execution of a contract in New York by a foreign corporation such as was done in this case has alone been held to be sufficient to give the court jurisdiction over the foreign corporation. See, e.g., Atlantic Steamers Supply Co. v. Int'l Maritime Supplies Co., 268 F. Supp. 1009, 1014-15 (S.D.N.Y. 1967) (observing that Section 302(a) of New York's Civil Practice Law and Rules should be liberally construed and citing Patrick Ellam, Inc. v. Nieves, 41 Misc.2d 186, 245 N.Y.S.2d 545 (Sup. Ct. 1963) and Iroquois Gas Corp. v. Collins, 42 Misc.2d 632, 248 N.Y.S.2d 494 (Sup. Ct. 1964, aff'd, 23 A.D.2d 823, 258 N.Y.S.2d 376 (4th Dept. 1965)). See also Agrashell, Inc. v. Bernard Sirotta Co., 344 F.2d 583 (2nd Cir. 1965); Seawind Compania, S. A., supra, 320 F.2d at 583; Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd., 476 F. Supp. 119, 123 (S.D.N.Y. 1979).

As Mr. Mazman explains in his Supplemental Affirmation, MED, on behalf of PBC, executed a number of contracts between FESCO and PBC and also negotiated those contracts and communicated with FESCO in the course of the performance of those contracts. (See Supp. Mazman Aff. at ¶¶ 22-23).

FESCO further challenges this Court's assertion of general jurisdiction over PBC, arguing that MED does not qualify as the type of agent through whose actions this Court can assert personal jurisdiction over PBC. (See Plaintiff's Memo at pp. 14-15).[2]

Specifically, FESCO cites <u>Tese-Milner v. Ad EFX Promotions, Inc.</u>, 2007 U.S. Dist. LEXIS 5397 (S.D.N.Y. 2007) and <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 226 F.3d 88 (2nd Cir. 2000) for the proposition that "in order for a foreign corporation, such as Defendant, to be subject to personal jurisdiction on the basis of the actions of an agent in the district, the agent must act exclusively for the principal." (See Plaintiff's Memo at pp. 14-15).

However, the <u>Wiwa</u> and <u>Tese-Milner</u> opinions do not support this broad proposition. Rather the Second Circuit stated in <u>Wiwa</u> (and <u>Tese-Milner</u> quoted): "To come within the rule, the plaintiff need demonstrate neither a formal agency agreement, nor that the defendant exercised direct control over its putative agent. The agent must be primarily employed by the defendant and not engaged in similar services for other clients." <u>Wiwa</u>, supra, 226 F.3d at 95 (citations omitted); <u>Tese-Milner</u>, supra, 2007 U.S. Dist. LEXIS 5397, at *12. Moreover, both <u>Wiwa</u> and <u>Tese-Milner</u> explain that the real test is whether the agent "renders services on behalf of the foreign corporation that go beyond mere solicitation and are sufficiently important to the foreign entity that the corporation itself would perform equivalent services if no agent were available." <u>Wiwa</u>, supra, 226 F.3d at 95; <u>Tese-Milner</u>, supra, 2007 U.S. Dist. LEXIS 5397, at *11.

Here, of course, it is uncontested that MED and PBC have entered into a formal agency agreement designating MED as PBC's managing agent. Similarly, the uncontradicted evidence

---

[2] Of course, PBC does not desert its position that it is subject to both specific and general jurisdiction by virtue of its multiple and various contacts as described in the Mazman Affirmation dated January 22, 2008 and as set forth in POINT II(b) to its initial Memorandum of Law in support of its motion to vacate the attachment.

establishes that MED is the only managing agent employed by PBC and that MED has the power to bind PBC. (See Supp. Mazman Aff. at ¶¶ 17 and 19). Nor is there any question that MED "renders services on behalf of the foreign corporation [PBC] that go beyond mere solicitation and are sufficiently important to the foreign entity [PBC] that the corporation itself would perform equivalent services if no agent were available."

Furthermore, Tese-Milner can be distinguished because there the putative agent was not even a New York entity, and was found to have provided the same services on behalf of approximately 1,000 other entities. Tese-Milner, supra, 2007 U.S. Dist. LEXIS 5397, at *13. Here, it is uncontested that MED is a registered domestic New York business corporation and certainly does not provide the same services it provides to PBC to thousands of other entities.

In sum, given the existence of a formal agency agreement between PBC and MED, the scope of MED's work on behalf of PBC and the fact that MED has the authority to bind PBC and has its principal place of business is in New York, there can be no doubt but that MED renders services on behalf of PBC that go beyond mere solicitation and are sufficiently important to PBC that PBC itself would perform equivalent services in the absence of MED.[3]

---

[3] Compare Miller v. Surf Props., Inc., 4 N.Y.2d 475, 151 N.E.2d 874, 176 N.Y.S.2d 318 (1958) (finding no jurisdiction through agent where agent's services "amounted to little more than rendering telephone service and mailing brochures" and agent performed the same services for nearly 50 other entities) with Frummer v. Hilton Hotels International, Inc., 19 N.Y.2d 533, 227 N.E.2d 851, 281 N.Y.S.2d 41 (1967) (asserting jurisdiction based on presence of agent was proper where agent was a New York entity and responded to requests for rate quotations from travel agents, confirmed reservations, performed publicity and public relations work, and otherwise generated business for principal), Gelfand v. Tanner Motor Tours, Ltd., 385 F.2d 116 (2nd Cir. 1967) (finding jurisdiction over an Arizona tour operator was properly asserted upon the activities of a New York travel agent that confirmed reservations and performed other services on behalf of operator), and Bulova Watch Co., Inc., v. K. Hattori & Co., Ltd., 508 F. Supp. 1322 (E.D.N.Y. 1981) (New York subsidiary was "agent" of foreign parent where it advertised and sold defendant's products, provided service quality control centers and developed marketing techniques to expand New York market for defendant's products).

## POINT IV: PBC CAN BE FOUND "ACROSS THE RIVER" IN THE EASTERN DISTRICT OF NEW YORK

FESCO's next argument is that PBC has failed to demonstrate that it is jurisdictionally present in the Eastern District of New York. It is notable that FESCO concedes that MED qualifies as PBC's agent for the service of process in the Eastern District of New York. (See Plaintiff's Memo at p. 16). Similarly, FESCO does not challenge the fact that MED is PBC's managing agent, or the principle that under appropriate circumstances a court may assert personal jurisdiction over a foreign corporation based upon the actions of that corporation's managing agent. Rather, FESCO simply maintains its argument that MED's work for PBC was not sufficiently "exclusive" to PBC for this Court to assert personal jurisdiction over PBC on the basis of MED's activities.

For the same reasons provided above at POINT III, PBC is present jurisdictionally in the Eastern District of New York, and vacatur of the Attachment Order and PMAG is thus justified on the grounds of the "across the river" defense outlined by the Second Circuit in Aqua Stoli, supra.

## POINT V: PLAINTIFF'S ALTERNATIVE REQUEST FOR DISCOVERY SHOULD BE DENIED

FESCO has requested, in the alternative, that it be permitted discovery into the "grounds for Defendant's factual contentions" and supports this request by reference to "the questionable nature of certain aspects of Defendant's submissions to date." (See Plaintiff's Memo at p. 3). Since PBC by the submission of Mr. Mazman's Supplemental Affirmation and Mr. Wolf's Affirmation, has resolved all of the questions raised by counsel for FESCO and it is clear on the present record that PBC could have been "found in the district" at the time the Verified Complaint was filed or that this is the "paradigmatic" example of an "across the river" case

envisioned by the Second Circuit in <u>Aqua Stoli</u>, PBC respectfully submits that FESCO's request for discovery should be denied outright.

## **CONCLUSION**

Plaintiff respectfully requests that this Court grant defendant PBC's motion to vacate the Attachment Order and to dismiss plaintiff's Verified Complaint in its entirety and grant plaintiff such other and further relief as the Court sees fit.

Dated: February 1, 2008

> LYONS & FLOOD, LLP
>
> By: _/s/ Kirk M. Lyons_
>
> Kirk M. Lyons (KL-1568)
> Jon Werner (JW-5000)
> 65 West 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

U:\kmhldocs\2656001\Motions\MOL-Vacate-Reply.doc

## CERTIFICATE OF SERVICE

Jon Werner, an attorney duly admitted to practice before this Honorable Court, affirms on this 1st day of February 2008, I served true copies of the foregoing, by e-mail and ECF notice to:

>LAW OFFICES OF SIMON HARTER, ESQ.
>Attorneys for Plaintiff
>304 Park Avenue South, 11th Floor
>New York, NY 10010
>
>Attn.:  Simon Harter, Esq.
>          sharter@harterlaw.com

_____
Jon Werner

U:\kmhldocs\2656001\Motions\MOL-Vacate-Reply.doc