UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| FAR EASTERN SHIPPING CO., : | |
| Plaintiff, : | 07 CV 11375 (PAC) |
| -against- : | |
| : | ORDER |
| PROGRESS BULK CARRIERS, LTD. : | |
| Defendant. : | |

------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On December 19, 2007, Plaintiff Far Eastern Shipping Company ("Far Eastern") filed a Verified Complaint seeking recovery for a maritime dispute and requested an ex parte order of attachment and garnishment of the assets of Progress Bulk Carrier Ltd. ("PBC") as security for any forthcoming judgment in the maritime action. Along with the Complaint and request for attachment, Far Eastern submitted the requisite affidavit asserting that despite searching for PBC, PBC could not be "found" within the district for jurisdictional purposes as required by Admiralty Rule B. On December 21, 2007, based on a prima facie review of Far Eastern's submissions, the Court granted the request for attachment of PBC's assets in the amount of $909,153.86. Thereafter, pursuant to Admiralty Rule E, PBC moved to vacate the attachment and dismiss the Verified Complaint. PBC's motion to vacate the attachment is granted.

## DISCUSSION

The maritime attachment of Admiralty Rule B is an extraordinary remedy which requires the demonstration of due diligence by the party seeking relief. W. of England Ship Owners Mutual Ins. Assoc. v. McAllister Bros., Inc. 829 F.Supp. 122, 124 (E.D. Pa.

1993). As part of this diligence, the "plaintiff must make a bona fide effort to locate the defendant within the district." Id. When a plaintiff claims that a defendant cannot be "found" within a district, but an appropriate inquiry would have revealed otherwise, then vacatur is appropriate. Seawind Compania v. Crescent Line, Inc., 320 F.2d 580, 583 (2d Cir. 1963). Once Rule B is satisfied, due process concerns are addressed by Admiralty Rule E, which provides for prompt vacatur when the party whose assets are seized demonstrates that it can, in fact, be "found" within the district because it is actually present in the district where the plaintiff is located. Admiralty Rule E(4)(f); Aqua Stoli Shipping Ltd. v. Gardner Smith PTY Ltd., 460 F.3d 434, 435 (2d Cir. 2006). A defendant is deemed "actually present in a district" when it both has an agent of process in the district and is jurisdictionally present there. Seawind, 320 F.2d at 582-583. Alternatively, vacatur is appropriate when the defendant is present for jurisdictional purposes in a convenient adjacent jurisdiction (also called "across the river" jurisdiction). Aqua Stoli, 460 F.3d at 435.

### A. "Found" within the District

At the Court's hearing and through the parties' submissions it became apparent that rather than making a diligent, reasonable effort to find PBC, in this case, Far Eastern acted to avoid the consequences of finding PBC. Far Eastern's preliminary steps of calling listed phone numbers and visiting websites yielded information which should have triggered further inquiry. By way of comparison, another federal court found that an appropriate inquiry was conducted where the party seeking attachment—who was in possession of a business address—checked a listing of the building directory, spoke to building security, and ultimately located a registered agent, but still could not find the defendant. See West of England Ship Owners, 829 F.Supp. at 124-125. In sharp

contrast, when Far Eastern's phone call to PBC's purported phone number was greeted with the announcement of an unexpected business name (American Corporate Technical Services, Inc., or "ACTS" ), Far Eastern ended the call and instead began legal research on ACTS' corporate status.  If Plaintiff had asked, however, it would have learned that ACTS was  PBC's agent of service of process, and that the New York State Attorney General's Office had a form on file indicating PBC's consent to receive service of process through ACTS.  Furthermore, when Far Eastern learned of the existence of a business address for PBC within the district, Far Eastern did further research and chose to rely instead on PBC's website that the business relocated to Long Island after the terrorist attacks of September 11, 2001, rather than calling the business or visiting the address directly.  When Plaintiff discovered the presence of Defendant's managing agent, Med Brokerage and Management, Corp., in Manhattan and in the adjacent district, it argued that it could not verify that the managing agent was the defendant's exclusive agent.  This record clearly establishes that PBC had an agent for service of process present in the district.

      Moreover, PBC itself was jurisdictionally present in the district under New York law.  Pursuant to New York law, a court may exercise personal jurisdiction over an entity which "transacts any business" within the state, or has "continuous and systematic" business contacts with New York.  N.Y. C.P.L.R. § 302(a) (McKinney's 2006); Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000).  In this case, the contract at issue was negotiated in New York by PBC's New York based managing agent, with the assistance of PBC's New York based broker, and called for contract payments to be made to Far Eastern in New York.  Furthermore, PBC had continuous business contacts with New York both directly and via its managing agent.  As such, we find that PBC was both

3

jurisdictionally present in the district and had an agent for service of process here. Under those circumstances, Far Eastern's inquiry fell short of the requirements of Admiralty Rule B. PBC would have been "found" if a more thorough inquiry had occurred, and vacatur is appropriate.

### B. "Across the River" Jurisdiction

Alternatively, vacatur is appropriate when a defendant can demonstrate that it would be subject to jurisdiction in a nearby district which is convenient to the plaintiff. Aqua Stoli, 460 F.3d at 444. In that case, in lieu of seeking the extraordinary remedy of asset attachment in one district, the plaintiff should merely file an in personam lawsuit in the neighboring district. The jurisdictional presence of the defendant's assets in the neighboring district obviate the concern that transitory assets may disappear before a judgment can be satisfied in the original district. Indeed, the Second Circuit has held that "[a]n 'across the river' case where . . . assets are attached in the Eastern District but the defendant is located in the Southern District is a paradigmatic example of a case where an attachment should be vacated." Id. In this case, Far Eastern's assets were attached in the Southern District, but the Defendant is present in the Eastern District for jurisdictional purposes by virtue of the presence of its managing agent. Indeed, at the Court's hearing, PBC went so far as to indicate that it would consent to jurisdiction in the event that the underlying dispute ultimately resulted in a verdict against it, further eliminating the need for an attachment. See Hearing Transcript at 31.[1] It is the "paradigmatic example" of the "across the river" case. Vacatur is appropriate.

---

[1] This concession underscores PBC's argument that the maritime attachment here does not serve (as it is intended to) as a measure of security for Far Eastern in its cause of action. Instead, Far Eastern utilizes the maritime attachment—improperly—to tie up PBC's assets, thus giving Far Eastern leverage to negotiate in the underlying maritime dispute.

4

## CONCLUSION

Defendants' motion for vacatur of the Rule B ex parte order for maritime attachment and dismissal of Plaintiff's Verified Complaint is GRANTED. The Clerk of Court is directed to terminate this motion and close the case.

Dated: New York, New York
       February 8, 2008

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge